UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGELYN LANTZ,

      Plaintiff,

v.                                                                  Civil Case No. 14-12813
                                                                    Honorable Linda V. Parker

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

## OPINION AND ORDER REGARDING DEFENDANT'S DISCOVERY OBJECTIONS

In this diversity action removed from state court, Plaintiff seeks personal protection insurance benefits pursuant to a no-fault insurance policy issued by Defendant. Plaintiff's injuries arose from a motor vehicle accident on November 6, 2013. She claims that Defendant has unreasonably refused to pay or has unreasonably delayed making payments in violation of Michigan's "No-Fault Act", Michigan Compiled Laws Sections 500.3142 and 500.3148 The matter presently is before the Court on Defendant's objections to certain discovery requests by Plaintiff. (ECF No. 19.) Plaintiff has responded to Defendant's objections. (ECF No. 23.)

Defendant objects to information and documentation sought by Plaintiff

"pertaining to training of its [Defendant's] claims personnel, its Advancing Claims Excellence ("ACE") review (which was conducted in Michigan from November 1995 through 1997), its Auto Claim Manual, [and] its vendor, MES Solutions ("MES"), which scheduled an independent medical examination ('IME') of Plaintiff that was ultimately performed by Dr. David Carr." (ECF No. 19 at Pg ID 109.) Specifically, Defendant is objecting to the following discovery requests: Plaintiff's First Interrogatories Numbers 6, 7, 9, and 10 (ECF No. 19-1); Plaintiff's Requests for Production of Documents Numbers 3-9, 11, and 13 (ECF No. 19-2); Plaintiff's subpoena duces tecum issued to Defendant's representative, seeking production of Items e, 6 and 7 (ECF No. 19-3); and Plaintiff's subpoena and addendum to MES (ECF No. 19-4).[1] (*Id*.) Defendant argues that the material sought is relevant only to whether Defendant acted in good or bad faith– which Defendant contends has no bearing on Plaintiff's "straightforward claim for the

---

[1]Defendant objects generally to information sought in the addendum to the subpoena issued to MES. Thus the Court presumes that it is objecting to all of the items sought. Items 2 and 12, however, do not seek information related to Defendant. For that reason, it appears to the Court that Defendant lacks standing to assert an objection to those requests. "A party generally lacks standing to challenge a subpoena directed to a non-party unless it claims a privilege or demonstrates a personal interest." *Blumberg v. Ambrose*, No. 13-cv-15042, 2014 WL 4988380, at *3 (E.D. Mich. Oct. 7, 2014) (citing cases); *see also Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975) ("In the absence of a claim of privilege a party usually does not have standing to object to a subpoena directed to a non-party witness.").

recovery of various no-fault benefits pursuant to [Michigan Compiled Laws Section] 500.3107."   (*Id*. at Pg ID 111.)

Plaintiff argues in response that the discovery sought is relevant to Plaintiff's theory of the case, which is that Defendant "has handled this claim in an unreasonable and unfair fashion."  (ECF No. 23 at Pg ID 238.)  Plaintiff relies primarily on the Michigan Court of Appeals' decision finding such discovery relevant in *Morales v. State Farm Mutual Insurance Company*, 761 N.W.2d 454 (2008).

The Court indicates, at the outset, that it has reviewed *Morales*, as well as the other cases cited by Plaintiff and Defendant.  The decisions reflect varying conclusions by different judges regarding the discovery of much of the same information, in similar cases.  Notably, none of the decisions are binding on this Court.  Thus the fact that this Court reaches a different holding than the judge in a case cited by one of the parties does not mean that the Court overlooked that case. The parties should assume that the Court simply disagreed with the reasoning in that case.

## Applicable Standard

Federal Rule of Civil Procedure 26 sets forth the scope and limits of discovery and states, in relevant part, that "[p]arties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense . . .." Fed. R. Civ. P. 26(b)(1).  Under the rule, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  The rule allows the court to limit discovery if inter alia "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

Based on the plain language of Rule 26, an assessment of whether the discovery sought is relevant must start with the claims and defenses asserted. Here, Plaintiff asserts a single cause of action for benefits under an insurance contract pursuant to Michigan's No-Fault Act.  (*See* ECF No. 1-2.)  To prove such a claim, the insured must show that he or she "is entitled to benefits 'for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle' without regard to fault, and that the insurer is obligated under an insurance contract to pay those benefits, but failed to do so timely."  *Cooper v. Auto Club Ins. Ass'n*, 751 N.W.2d 443, 448 (Mich. 2008) (quoting Mich. Comp. Laws § 500.3105).  Once the insured establishes these elements, benefits are payable for "[a]llowable expenses consisting of all

-4-

reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation," three years of work loss with a monthly cap, expenses reasonably incurred in obtaining ordinary and necessary replacement services for a three-year period with a daily cap, and a survivor's loss.  *See* Mich. Comp. Laws §§ 500.3107, .3108.

The No-Fault Act requires an insurer to provide personal protection insurance benefits "within thirty (30) days after an insurer receives reasonable proof of the fact and of the amount of loss sustained."  Mich. Comp. Laws § 500.2142(2).  Payments made outside that time frame are subject to mandatory statutory interest of twelve percent (12%) per annum.  *Id*. § 500.3142(3).  " 'Penalty interest must be assessed against a no-fault insurer if the insurer refused to pay benefits and is later determined to be liable, irrespective of the insurer's good faith in not promptly paying the benefits.' "  *Williams v. AAA Michigan*, 646 N.W.2d 476, 483 (Mich. Ct. App. 2002) (quoting *Davis v. Citizens Ins. Co. of America*, 489 N.W.2d 214, 216 (Mich. Ct. App. 1992)); *see also Cruz v. State Farm Mut. Auto. Ins. Co.*, 648 N.W.2d 591, 601 (Mich. 2002) (citing *Davis* and stating that "[p]enalty interest begins to accrue when an insurer refuses to pay benefits for which it is liable . . . It is assessed regardless of the insurer's good faith in withholding benefits.").  However, "an insurer's good faith in withholding

-5-

payment of benefits is relevant in awarding attorney fees under the act[.]" *Davis*, 489 N.W.2d at 217 (citations omitted); Mich. Comp. Laws § 500.3148(1) ("The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.")

## Analysis

### Discovery Related to Dr. David Carr (Interrogatories Nos. 9 & 10 and Addendum to MES Subpoena Items 3, 4, & 10)

Defendant referred Plaintiff for an IME with Dr. David Carr through Defendant's vendor, MES.  Apparently, based on Dr. Carr's opinion, Defendant determined that certain incurred charges were not reasonable.  Plaintiff now asks Defendant to indicate how many times it has hired Dr. Carr to conduct evaluations, write reports, and testify for Defendant in the past five years (ECF No. 19-1, Interrog. No. 9), as well as the amount of money Defendant has paid Dr. Carr for his services.  (*Id.*, Interrog. No. 10.)  Plaintiff also has deposed a representative of MES, prepared to testify regarding the number of medical evaluations Dr. Carr has conducted through MES in the last five years, the number he has conducted at the request of Defendant during that period, and the income Dr. Carr has been paid for work through MES during that time period.  (ECF No. 19-4, Addendum Items 3, 4,

-6-

& 10.)  Plaintiff argues that this evidence is relevant to show Dr. Carr's bias and/or prejudice.  Defendant contends that the information sought would demonstrate nothing regarding his bias.

To the extent the information sought relates to Dr. Carr's work for Defendant, specifically, this Court agrees with Plaintiff and rejects Defendant's objections to these discovery requests.  "Certainly, a continuing relationship between the witness and a party in which a witness receives payment for generating an opinion that may be favorable to the interests of the party seeking the opinion is a source of bias[]" and is discoverable. *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, Nos. 11-10658, 11-11003, 11-11855, 2011 WL 4507417, at *5 (E.D. Mich. Sept. 29, 2011) (finding similar evidence concerning medical service provider admissible to show provider's bias in favor of insurer). Information concerning Dr. Carr's overall relationship with and work for MES, however, is not relevant here.

Thus the Court is sustaining Defendant's objections to Items 3 and 10 of the addendum to the MES subpoena, but is requiring Defendant to respond to Plaintiff's First Interrogatories Numbers 9 and 10 and allowing Plaintiff to seek a response to Item 4 from the MES representative.

**Discovery Related to Defendant's Vendors, Including MES (Interrogatories
Nos. 6 & 7, Document Requests Nos. 3-5, and Remaining Items in the
Addendum to the Subpoena Issued to MES)**

In these requests, Plaintiff asks Defendant and/or MES to indicate how many
times Defendant has asked MES to schedule medical evaluations and/or record
reviews in the past five years and the amount of money Defendant has paid MES
during that period to facilitate medical evaluations, record reviews, and
deposition/trial testimony.  (ECF No. 19-1, Interrog. Nos. 6 & 7; ECF No. 19-4,
Addendum Items 1, 5 & 6.)  Plaintiff also seeks a copy of any contracts and
agreements between Defendant and MES and "any lists, memoranda, e-mails,
documents, or the like" provided by Defendant to MES "utilized to facilitate the
medical evaluation(s) in Plaintiff's case, providing any criteria either limiting or
controlling the vendor in its selection of a doctor specifically for State Farm
insureds/claimants."  (ECF No. 19-2, Nos. 4-5; ECF No. 19-4, Addendum Items 7,
8 & 9.)  Plaintiff also asks Defendant to "produce a copy of the 'approved vendor
list' used by the State Farms Claims Representative assigned to the Plaintiff[']
claim."  (ECF No. 19-2, Doc. Requests No. 3.)  Similarly from MES, Plaintiff
seeks "[a]ll records of any nature whatsoever concerning the Plaintiff . . ." and
"[t]he record review of Plaintiff."  (ECF No. 19-4, Addendum Items 11 & 14.)
The only request seeking information relevant to Plaintiff's claim are those that are

specific to Plaintiff: Document Request Number 5 and Items Eleven and Fourteen of the addendum attached to the MES subpoena. The remaining requests do not seek matters relevant to Plaintiff's claim.

What Defendant conveyed to MES concerning Plaintiff's claim, specifically, before MES referred the claim to Dr. Carr for an IME may prove relevant to Plaintiff's cross-examination of Dr. Carr. Similarly, MES documents related to Plaintiff, specifically, may shed light on Dr. Carr's evaluation of Plaintiff. The remaining requests, however, do not relate to Plaintiff's claim. It does not appear that MES has provided an opinion to Defendant that impacted or was considered in the latter's decision to pay Plaintiff's claim. Thus the number of times Defendant utilized MES in the last five years and MES' financial interest are not relevant to this case.

Therefore, the Court sustains Defendant's objections to Plaintiff's Interrogatories Numbers 6 and 7, Document Requests Numbers 3 and 4, and Items 1, 5-9, and 13 of the addendum to the subpoena issued to MES. The Court rejects Defendant's objection to Document Requests Number 5 and Items 11 and 14 of the addendum.

**Discovery Related to Defendant's Training of Claims Personnel, ACE Review,
and Auto Claim Manual (Document Requests Nos. 6-9, 11, 13 & Items e, 6 & 7
to the Subpoena Duces Tecum Issued to Defendant)**

Plaintiff's remaining discovery requests seek information to demonstrate

that Defendant handled Plaintiff's claim in an unreasonable and unfair fashion, and

that this was consistent with Defendant's practice and procedure of denying claims

without regard to the actual validity of the claim.  Plaintiff believes that the

information sought will demonstrate, relatedly, that Defendant trains its claims

adjusters to follow this practice and procedure.  The Court concludes that these

issues and thus the information sought are not relevant to Plaintiff's claim.

The only issues relevant to Plaintiff's claim for benefits are whether a

contract exists and whether the expenses sought are compensable under the

contract and Michigan's No-Fault Act.  To be compensable,

> three requirements must be satisfied: (1) the expense
> must have been incurred by the insured, (2) the expense
> must have been for a product, service, or accommodation
> reasonably necessary for the injured person's care,
> recovery, or rehabilitation, and (3) the amount of the
> expense must have been reasonable.

*Hamilton v. AAA Michigan*, 639 N.W.2d 837, 842 (Mich. Ct. App. 2001); *see also,*

*Nasser v. Auto Club Ins. Ass'n*, 457 N.W.2d 637, 645 (Mich. 1990).  These are

objective questions to which Defendant's good or bad faith and handling of other

-10-

claims has no bearing.  The question of whether Plaintiff submitted reasonable

proof of loss also is governed by an objective standard.  *See ACME Roll Forming*

*Co. v. Home Ins. Co.*, 31 F. App'x 866, 872 (6th Cir. 2002) (construing Michigan

insurance statute).  As the Sixth Circuit stated in *ACME Roll Forming*:

> The standards and criteria used to determine whether a proof of loss is
> "satisfactory" is a long-standing issue in insurance law. . . . The
> default reading should be an objective standard, satisfactory to a
> neutral arbiter, rather than satisfactory to one of the two interested
> parties. Moreover, "satisfactory" is traditionally limited by the
> objective standard, so that the insurance company is not permitted to
> reject proof that would be satisfactory to a reasonable person.

*Id.* at 872 (internal quotation marks, brackets, and citations omitted).

Documents regarding the ACE program are not relevant for the additional

reason that they relate to claims files from November 1995 through 1997.  As

described in another case in which they were sought, the documents "were

generated as part of a self-critical audit of various automobile claim files, handled

exclusively by State Farm's Michigan Region."[2]  *Chauvin*, 2011 WL 1810625, at

---

[2]As further described by the Honorable Mark Goldsmith in a different and

unrelated case involving Defendant:

> ACE was a comprehensive program employed by State Farm in which
> the company initially (in the mid 1990s) performed a study on closed
> claims files and then, based at least in part on what it learned from
> those files, put in place a comprehensive program, including

(continued...)

-11-

*2 (internal quotation marks and citation omitted).  Plaintiff's accident occurred

and her claims were reviewed more than fifteen years after this audit.  Evidence of

how Defendant handled claims fifteen years earlier is not relevant to how it

handled Plaintiff's claim.  While the ACE program may have led Defendant to

adopt a certain philosophy or approach for handling future claims such as

Plaintiff's, the Court believes other, more direct, evidence is available from which

to glean that information which would be less burdensome to produce.

       The Court acknowledges that evidence concerning Defendant's bad faith

handling of insurance claims may be relevant if Plaintiff prevails and seeks

attorney fees under Section 500.3148.  However, whether Plaintiff is entitled to

attorney fees would be decided by the Court in post-judgment proceedings if a jury

has decided that benefits are owing and overdue.  *Moore v. Secura Ins.*, 759

-----

[2](...continued)
addressing claims handling practices, designed to make the company
more successful. . . . [T]he program concluded that State Farm could
"capture opportunities" for profit in the claims arm of the business by
settling fewer cases, delaying payment, etc. . . . According to State
Farm, the Michigan ACE study was a review of closed files only with
payments of less than $250,000 and was designed to improve State
Farm's operations; its documents function as a continuing education
for adjusters.

*Akins v. State Farm Mut. Auto. Ins. Co.*, No. 10-cv-12755, 2011 WL 3204839, at

*5 n.3 (E.D. Mich. July 28, 2011).

N.W.2d 833, 838 (2008).  Plaintiff can seek the requested discovery at that time, if it still believes the information is needed.

The Court therefore sustains Defendant's objections to Plaintiff's Document Requests Numbers 6-9, 11, and 13, and Items e, 6, and 7 of the subpoena duces tecum issued to Defendant.

## Summary

For the reasons stated, the Court rejects Defendant's objections to Plaintiff's First Interrogatories Numbers 9 and 10, Requests for Production of Documents Number 5, and Items 4, 11, and 14 of the addendum to the subpoena issued to MES.  Defendant shall respond to those discovery requests within twenty-one (21) days of this Opinion and Order.  Defendant's remaining objections are sustained and Plaintiff's First Interrogatories Numbers 6 and 7, Requests for Production of Documents Numbers 3, 4, 6-9, 11, and 13, Request for Items e, 6, and 7 in the subpoena duces tecum issued to Defendant, and Request for Items 1, 3, 5-10, and 13 in the addendum to the subpoena issued to MES are stricken.

**SO ORDERED**.

S/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 9, 2014

-13-

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 9, 2014, by electronic and/or U.S. First Class mail.

S/ Richard Loury
Case Manager