UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGELYN LANTZ,

        Plaintiff,                              No. 14-12813

v.                                                District Judge Linda V. Parker
                                                         Magistrate Judge R. Steven Whalen

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant.
_____/

**ORDER**

Before the Court are Defendant State Farm Mutual Automobile Insurance Company's ("State Farm's") Motion for Protective Order [Doc. #34] and non-party MES Group, Inc.'s ("MES's) Motion for Protective Order to Quash Plaintiff's Subpoena for Rule 30(b)(6) Deposition [Doc. #47], which have been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  For the reasons and under the terms discussed below, State Farm's motion [Doc. #34] is GRANTED and MES's motion [Doc. #47] is DENIED.

This is an action for personal protection insurance benefits under Michigan's No-Fault Insurance Act, M.C.L. §§ 500.3142 and 500.3148. These motions arise out of Plaintiff's discovery requests for information related to Dr. David Carr, who evaluated the Plaintiff of behalf of State Farm. At issue are Plaintiff's Interrogatories 9 and 10, and Item No. 4 of the addendum to the subpoena issued to MES:

<u>Interrogatory No. 9</u>: How many times has David Carr been hired to conduct evaluations, write reports and testify for State Farm in the previous 5 years?

<u>Interrogatory No. 10</u>: How much money has State Farm paid for Dr. David Carr's services in the previous 5 years?

<u>Item No. 4</u>: The number of medical evaluations that Dr. David G. Carr has conducted at the request of State Farm Mutual Automobile Insurance Company in the past five (5) years.

Plaintiff also issued a deposition subpoena to MES, seeking to depose a Rule 30(b)(6) witness.

At this stage, there is no question that the financial relationship between Dr. Carr and State Farm is fair game for discovery. As this Court stated in its December 9, 2014 Opinion and Order Regarding Defendant's Discovery Objections [Doc. #26], "To the extent the information sought relates to Dr. Carr's work for Defendant, specifically, this Court agrees with Plaintiff and rejects Defendant's objections to these discovery requests. 'Certainly, a continuing relationship between the witness and a party in which a witness receives payment for generating an opinion that may be favorable to the interests of the party seeking the opinion is a source of bias[].'" (Quoting *Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, 2011 WL 4507417, at *5 (E.D. Mich. 2011)). Rather, State Farm's objection is based on burdensomeness. Specifically, in both its original response and its first supplemental response, State Farm stated that Dr. Carr, as well as other medical evaluators, performed the services through a third-party vendor, MES, and that payment was issued to MES using that vendors Tax Identification Number ("TIN"). State Farm argued that "[i]t is not possible, without a manual review of all the claim files associated with MES's TIN to determine which of those claims Dr. Carr provided any services in." *Motion*, ¶ 11. According to State Farm, it identified 5,043 claims for the requested time frame shere payment was made to MES for evaluations, with 10,908

separate transactions involving MES. *Id*. ¶ 13. Thus, argued State Farm, the task of ferreting out those claims and transactions that involved Dr. Carr would be Herculean.

However, in the Statement of Unresolved Issues [Doc. #56], State Farm indicated that it had been provided with Dr. Carr's TIN, and performed a search of payment that it made directly to him for the years 2010 through 2014, and provided that information to Plaintiff in its second supplemental response. State Farm also indicates that it has produced a copy of the invoices that MES sent to State Farm for Dr. Carr's work. *Id*. p.4.

I agree that at this point, State Farm has produced information within its possession that it can reasonably produce without undue burden. The information as to how many cases MES referred to Dr. Carr on behalf of State Farm, and how much he was paid, would be more easily obtained from MES. I will therefore grant State Farm's motion for protective order under Fed.R.Civ.P. 26(b)(2)(C) and 26(c)(1).

Which brings us to MES's motion for protective order. Like State Farm, MES has Dr. Carr's TIN, and should be able to determine how many times it referred evaluations to Dr. Carr at the request of State Farm, and how much it paid Dr. Carr. MES has not proffered any persuasive argument that it would be unduly burdensome to do so. MES is therefore required to respond to the document subpoena.

I also decline to entirely quash the deposition subpoena for MES's Rule 30(b)(6) witness. As this Court has already held, Dr. Carr's financial relationship with State Farm is relevant to the issue of bias. The relevance of his pecuniary interest is not diminished by the fact that he is hired via a third-party vendor, as opposed to being hired directly by the insurer. However, it the previous Opinion and Order [Doc. #26], Judge Parker also stated, "Information concerning Dr. Carr's overall relationship with and work for MES, however, is not relevant here." *Id*. at 7. Therefore, while an MES representative may be

deposed concerning work that MES referred to Dr. Carr on behalf of State Farm, he or she shall not be subject to wide-ranging and generalized examination on MES's business practices.

Accordingly, under the terms set forth in this Opinion, State Farm's Motion for Protective Order [Doc. #34] is GRANTED, and MES's Motion for Protective Order to Quash Plaintiff's Subpoena for Rule 30(b)(6) Deposition [Doc. #47] is DENIED.

IT IS SO ORDERED.

/s/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Date: July 20, 2015

## Certificate of Service

I certify that a copy of this order was served upon parties of record on July 20, 2015 via electronic or postal mail.

/s/A. Chubb
CASE MANAGER